August 14, 2014

# NORTON ROSE FULBRIGHT

Fulbright & Jaworski LLP
666 Fifth Avenue, 31st Floor
New York, New York  10103-3198
United States

Joseph P. Zammit
Of Counsel
Direct line +1 212 318 3346
joseph.zammit@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400
nortonrosefulbright.com

**Via ECF and Federal Express**

Honorable John Gleeson
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   SmartWater, Ltd. v. Applied DNA Sciences, Inc.
      Case No. 2:12-cv-05713-JG-AKT

Dear Judge Gleeson:

        We are counsel for defendant Applied DNA Sciences, Inc. ("ADNAS") in the referenced action.  We write in response to the August 13, 2014 letter from counsel for SmartWater, Ltd. ("SmartWater").

        We filed a proposed Order of Dismissal, because the parties agreed to submit a stipulation of dismissal, but SmartWater failed to provide comments to our draft stipulation for three weeks.  Moreover, ADNAS does not, as SmartWater suggests, seek an "interim order." Rather, if entered, the Order would finally resolve the issues as to which the parties are in agreement, which are (i) the dismissal of SmartWater's First Amended Complaint with prejudice (*i.e.*, the relief sought in its motion to dismiss; (ii) a covenant not to sue anyone on either patent at issue (agreed to in SmartWater's motion and at the July 18, 2014 conference); and (iii) the dismissal of ADNAS's counterclaims without prejudice to its application for attorneys' fee (also agreed to at the July 18, 2014 conference).  The outcome of the July 18, 2014 conference was that the parties would file a stipulation reflecting the agreements made at the hearing, and the attorneys' fees application would proceed on a separate track, for which the Court set a briefing schedule.

        The provisions of ADNAS's proposed Order of Dismissal are entirely consistent with the parties' agreements.  SmartWater's comments to the proposed Order (and its counter proposed Order) are merely attempts to narrow the agreements it made previously.  For example, its attempt to narrow the description of the parties agreeing to the covenant not to sue from "SmartWater, and its officers, directors, employees, and affiliates" to merely "SmartWater, including its affiliate, SmartWater CSI LLC," is contrary to the breadth of the covenant its counsel agreed to at the conference:

53662130.1

Fulbright & Jaworski LLP is a limited liability partnership registered under the laws of Texas.

Fulbright & Jaworski LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa (incorporated as Deneys Reitz, Inc.), each of which is a separate legal entity, are members of Norton Rose Fulbright Verein, a Swiss Verein. Details of each entity, with certain regulatory information, are at nortonrosefulbright.com. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients.

Honorable John Gleeson
August 14, 2014
Page 2

NORTON ROSE FULBRIGHT

> MS. CARROLL: I would note, your Honor, we are willing to give -- and I thought we had so stated in our papers -- a covenant not to sue on these two patents.
>
> THE COURT: For the customers as well?
>
> MS. CARROLL: To anybody. We're not going to sue anybody on these two patents in any court. So it's not a matter of customers or federal government or another court. We are not intending to sue anyone else in any forum on these two patents.
>
> THE COURT: Well, that suggests to me that that part can be easily worked out. Maybe it just boils down to a fee application. [Docket No. 141, Transcript of Hearing at 10-11.]

SmartWater also fails to provide any justification for its requested limitation.

SmartWater's request to omit the reference to "divisional, continuation, continuation-in-part, and foreign counterpart" patents of the patents-in-suit in the proposed Order is also made without explanation and should be rejected. If, as SmartWater asserts, there are no divisionals, continuations or continuations-in-part, then there is no harm to SmartWater in including such language. Its invitation to ADNAS to propose additional patents to be included when SmartWater is in the best position to know its patents makes no sense. ADNAS should not have to conduct a search of SmartWater's patents to determine whether any other of such patents exist. The language ADNAS has suggested in the proposed Order adequately addresses SmartWater's agreement to dismiss this case with prejudice and not sue "anybody," "in any court," on the patents-in-suit.

Finally, we do not understand the need to split the covenant not to sue into two paragraphs, with one addressing ADNAS and the other addressing everyone else. The effect of SmartWater's counter paragraphs is to limit its agreement to not sue "anybody," "in any court," on the patents-in-suit. The single paragraph proposed by ADNAS, on the other hand, accurately reflects the breadth of the covenant not to sue to which SmartWater agreed.

We respectfully request, therefore, that the Court enter the proposed Order of Dismissal filed by ADNAS on August 8, 2014.

Respectfully,

Joseph Zammit/PG

Joseph P. Zammit

cc:    All Counsel via ECF

53662130.1