UNITED STATES DISTRICT COURT  ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK

SMARTWATER, LTD.,

                                                Plaintiff,

                                   - versus -

APPLIED DNA SCIENCES, INC.,,

                                               Defendant.

MEMORANDUM
AND ORDER

12-cv-05731

JOHN GLEESON, United States District Judge:

        The plaintiff, SmartWater, in this patent infringement action has decided to drop its claims and has moved to dismiss the case with court permission under Rule 41(a)(2). *See* Motion to Dismiss, DE 118 (June 18, 2014). The defendant, Applied DNA Sciences ("ADNAS"), seeks to have the dismissal conditioned on an award of attorneys' fees. I heard argument on the fee application on September 12, 2014.

        The defendant cites for authority both 35 U.S.C. § 285 (a permissive fee-shifting provision of patent law) and Rule 41(a)(2), as well as the court's inherent authority. Because § 285 is the most specific grant of authority for awarding fees, I consider it first.

        Section 285 of the patent law states: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." The Supreme Court recently held that an "exceptional" case is simply one that "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). In contrast to the Federal Circuit's prior

interpretation of § 285 overruled by *Octane Fitness*, the Supreme Court's understanding does not require a showing of subjective bad faith or objective baselessness of the claim, though if such predicates are found, they clearly bear on the question of fees under § 285. *Id*. at 1757-58.

ADNAS argues first that SmartWater has known from the outset that this case was doomed to fail on the legal merits, and instead has pursued litigation in order to harass a smaller competitor. ADNAS argues in essence that SmartWater could not have reasonably believed that ADNAS had infringed on SmartWater's patents because ADNAS's products are obviously distinct in relevant ways from SmartWater's patented processes. ADNAS's arguments, which (as it conceded at oral argument) are essentially about claim construction, are strong, and had the case continued forward, I might have found them persuasive. But I do not find that SmartWater's claims are "exceptional" in their weakness such that a fee award is appropriate.

ADNAS also argues that SmartWater's professed reasons for dropping the case at this stage are demonstrably false. For example, although SmartWater claims that ADNAS's financial condition is worse than it was at the outset of litigation two years ago, making recovery less likely, ADNAS argues that if anything it is on stronger footing than it was then. ADNAS also argues that the defection of a scientist and a purportedly new legal standard for induced infringement claims cannot explain SmartWater's decision to dismiss the case now. All of that may be so, but I do not find that SmartWater has displayed bad faith in the course of this litigation.

In sum, this case does not stand out in its legal merit (or lack thereof) or in the manner in which it has been conducted. I therefore decline to order fees under § 285.

The standards permitting me to sanction a party for frivolous or vexatious litigation (consistent with the American Rule) and under Rule 41(a)(2) are less specific and necessarily more difficult to meet than the "exceptional cases" standard of § 285. Because ADNAS has not demonstrated an entitlement to fees under § 285, it follows that no award is appropriate under Rule 41 or my inherent authority either.

The only remaining dispute in the case relates to the terms on which to dismiss SmartWater's claims. The parties have, at long last, agreed upon those terms (except for a dispute about whether the dismissal would be without prejudice to the attorneys' fee motion, which is now moot). Thus, I order the following, consistent with the parties' stipulation (*see* DE 161, Ex. 1):

1. The First Amended Complaint (and all claims that were or could have been asserted therein) is dismissed with prejudice.

2. SmartWater, and its officers, directors, employees, affiliates, successors and assigns, shall permanently refrain and forebear from instituting or prosecuting any legal action or proceeding or arbitration, in any forum, against ADNAS or any other person or entity (including but not limited to the U.S. government) for infringement of either or both of the patents-in-suit, to wit, U.S. Patent Nos. 5,605,650 and 5,811,152 (or of any other patent that issues from any application that is a divisional, continuation, continuation-in-art or foreign counterpart of the patents-in-suit) based, in whole or in part, and whether directly or indirectly, on the use, sale, distribution or importation of any product or service manufactured or provided, directly or indirectly, by ADNAS or any affiliate or licensee thereof. For purposes of this paragraph, the term "affiliate" shall mean a person that controls, is controlled by, or is under common control with SmartWater or ADNAS, as the case may be.

      3. ADNAS's counterclaims asserted in this action are dismissed without prejudice.

          So ordered.

          John Gleeson, U.S.D.J.

Dated: September 29, 2014
       Brooklyn, New York